IN THE UNITED STATES OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-1222
Summary Calendar
_____


SENTRY INSURANCE, a Mutual Company,

Appellee,

versus

R.J. WEBER COMPANY, INC., and
R.J. WEBER, Individually,

Appellants.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:92 CV 1199 R)
_____
(August 20, 1993)

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Sentry Insurance ("Sentry") insured R.J. Weber and his corporation, R.J. Weber Co., Inc., (collectively "Weber") against claims based on personal and advertising injuries. Sentry brought the declaratory judgment action before us seeking a declaratory judgment that it had no duty to defend Weber against a claim of

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

copyright infringement. The district court granted summary judgment in favor of Sentry because it found that the copyright infringement suit was not related to Weber's advertising activity. Finding no error, we affirm.

I

In January of 1992, Caterpillar, Inc. ("Caterpillar") brought suit against Weber alleging copyright infringement. Caterpillar has copyrighted two original works titled "Numerical Parts Record" and "Parts Book Library." It claimed that Weber infringed its copyrights by copying, publishing, distributing, and selling copies of these works without first obtaining permission from Caterpillar.

Sentry insured Weber against personal and advertising injuries. The policy provides Sentry "will pay those sums that the insured becomes legally obligated to pay as damages because of `personal injury' or `advertising injury' to which this insurance applies." In clause IV.B.1.c., the policy further provides that:

> This insurance applies to "advertising injury" <u>only if caused by an offense committed</u>:
>      (1)  In the "coverage territory" during the policy period; and
>      (2)  <u>In the course of advertising</u> your goods, products or services.  [Emphasis supplied.]

Later on in section V, the policy defines an advertising injury as follows:

> "<u>Advertising injury</u>" <u>means injury arising out</u> of one or more of the following offenses:
>      (1)  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

        (2)  Oral or written publication of material that violates a person's right or privacy;
        (3)  Misappropriation of advertising ideas or style of doing business; or
        (4)  <u>Infringement of copyright</u>, title or slogan. [Emphasis supplied.]

Weber believed that the policy covered Caterpillar's suit and asked Sentry to defend it against Caterpillar's claims. Sentry agreed to defend Weber, but it reserved the right to bring suit to determine whether the policy applied.

## II

In June of 1992, Sentry filed this declaratory judgment action seeking a declaration that it had no duty to defend or indemnify Weber against Caterpillar's claims in the underlying lawsuit. Weber counterclaimed that Sentry did have a duty to defend. Sentry moved for summary judgment in October of 1992. After Weber responded, the district court granted Sentry's motion. On January 5, 1993, the district court entered judgment in favor of Sentry. Weber moved the district court to reconsider, and Sentry asked for reimbursement of the attorney's fees it incurred while defending Weber. The district court denied Weber's motion, but it granted Sentry its attorney's fees. Weber filed a timely notice of appeal and brought this appeal.

## III

Weber contends that the district court erred when it granted Sentry summary judgment because there is a potentiality that, liberally construed, Caterpillar's complaint states a claim that

was caused by or related to Weber's advertising. Because this is a diversity case, we apply the substantive law of Texas. <u>Stine v. Marathon Oil Co.</u>, 976 F.2d 254, 259 (5th Cir. 1992) (citing <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 78, 58 S.Ct. 817, 822 (1938)). On appeal from the district court's grant of summary judgment, we review the record <u>de</u> <u>novo</u> to ascertain whether any genuine issue exists as to any material fact. <u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 287, 102 S.Ct. 1781 (1982). The reach of an insurance contract, moreover, is a matter of law that we review <u>de</u> <u>novo</u>. <u>Matter of World Hospitality Ltd.</u>, 983 F.2d 650 (5th Cir. 1993); <u>Stine</u>, 976 F.2d at 260.

In Texas, if the allegations in the complaint will allow the plaintiff to recover on a theory within the scope of the insurance policy, there is potential liability against which the insurer is obligated to defend. <u>Terra Intern. v. Commonwealth Lloyd's</u>, 829 S.W.2d 270, 271 (Tex.App. - Dallas 1992, writ denied). The burden is generally on the insured to show that the claim against him is potentially within his policy's coverage. <u>See</u>, <u>e.g.</u>, <u>Employers Cas. Co. v. Block</u>, 744 S.W.2d 940, 944 (Tex. 1988). The insurer, however, bears the burden of establishing that one of the policy's limitations or exclusions constitutes an avoidance or affirmative defense to coverage. Tex. Ins. Code Art. 21.58(b).

Weber contends that the district court erred because it placed the burden on Weber to prove the existence of an advertising injury. According to Weber, clause IV.B.1.c. of the insurance

-4-

contract is a policy limitation. Weber, thus, concludes that the Texas insurance code required Sentry to prove that the limitation does not apply. Weber is incorrect. Clause IV.B.1.c. is not a policy limitation. On the contrary, it defines policy coverage with respect to "advertising injuries." Specifically, the policy covers advertising injuries that are caused in "the course of advertising your goods, products or services." In sum, the clear language provides that the policy covers a copyright infringement suit only if Weber infringes someone's copyright in the course of its advertising. If Weber infringes a copyright in another context, there is no coverage under the terms of the policy.

A review of the insurance policy's other provisions makes unmistakable our conclusion that clause IV.B.1.c is not a policy limitation or exclusion. The policy contains explicit exclusions and limitations in section IV.B.2. This section excludes, for instance, advertising injuries that arise out of a "failure of the goods, products or services to conform with the advertised quality or performance." Similarly, the policy excludes advertising injuries that arise out of the "wrong description of the price of goods, products or services." In the light of section IV.B.2., we think any argument that clause IV.B.1.c. is a policy exclusion or limitation is precluded.

Thus, the question before us is whether Weber can sustain its burden of establishing that Caterpillar's complaint potentially states a claim that the policy covers. As noted above, Caterpillar

claimed that Weber infringed its copyrights by copying, publishing, distributing and selling copies of its "Numerical Parts Record" and "Parts Book Library" without first obtaining permission from Caterpillar. Weber admits the complaint states nothing about advertising. Weber, however, resorts to arguing that the federal system of notice pleading requires only a "short and plain statement of the claims." Fed.R.Civ.P. 8. Weber argues that, under the federal system, Caterpillar does not have to state every instance Weber infringed its copyright. Weber contends that Caterpillar's complaint would allow it to show in a federal trial that Weber infringed its copyright in the course of Weber's advertising.

Weber's argument does not bear scrutiny. Under such general reasoning, the complaint would not serve as an indication of whether there was coverage. Other courts that have examined this issue have required the insured to demonstrate that there is some connection between its advertising activity and the plaintiff's claim. See, e.g., Nat. Union Fire Ins. Co. v. Siliconix, Inc., 729 F.Supp. 77 (N.D. Cal. 1989); Lazzara Oil Co. Columbia Cas. Co., 683 F.Supp. 777, 780 (M.D. Fla. 1988), *aff'd mem.*, 868 F.2d 1274 (11th Cir. 1989; Bank of the West v. Superior Court of Contra Costa County, 833 P.2d 545, 10 Cal.Rptr.2d 538, 553 (Cal. 1992). In the case before us, Weber does not identify any connection between Caterpillar's claims and Weber's advertising activity. We, therefore, conclude that the policy does not cover Caterpillar's

claims and that Sentry has no duty to defend Weber in the underlying suit.

## IV

For all the foregoing reasons, the decision of the district court is

A F F I R M E D.