926 P.2d 628

**POCATELLO RAILROAD FEDERAL CREDIT UNION, Plaintiff–Respondent–Cross Appellant–Appellant on Appeal,**

v.

**DAIRYLAND INSURANCE COMPANY, Defendant–Appellant–Cross Respondent–Respondent on Appeal,**

and

**Lee Juan Tyler, Defendant.**

No. 21851.

Supreme Court of Idaho.

Pocatello, September 1996 Term.

Nov. 8, 1996.

Johnson Olson, Chtd., Pocatello, for defendant–appellant. Charles Johnson argued.

Quane, Smith, Howard & Hull, Pocatello, for plaintiff–respondent.

JOHNSON, Justice.

This is an automobile insurance case. The primary issue presented is whether a lienholder for whose benefit the insurer issued a loss payable endorsement is entitled to actual notice of the cancellation of the insurance policy before termination of the endorsement. We conclude that the lienholder is entitled to actual notice. We also conclude that the lienholder did not receive actual notice and is entitled to attorney fees.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

The Pocatello Railroad Federal Union (the credit union) loaned Lee Juan Tyler (Tyler) $2,400.00 (the loan) to buy an automobile (the automobile) and obtained a perfected security interest in the automobile. Tyler and Jeinene Bigday (Bigday) held title to the automobile, and the credit union was named as a lienholder.

Dairyland Insurance Company (the insurance company) issued an insurance policy (the policy) to Bigday insuring the automobile. The insurance company sent the credit union an endorsement to the policy entitled "LIENHOLDER NOTICE OF COVERAGE" which contained a "LOSS PAYABLE ENDORSEMENT" (the endorsement). The endorsement contained the following statement: "We reserve the right to cancel this policy as permitted by its terms. This endorsement will terminate 10 days after notice of cancellation to the Lienholder." On April 30, 1993, the insurance company sent Bigday a notice of cancellation, which stated that if Bigday did not pay past due premiums immediately, the policy would be cancelled on May 13, 1993. Also on April 30, 1993, the insurance company sent the credit union a "LIENHOLDER'S LAPSE NOTICE" (the lapse notice). Bigday failed to pay the required premiums, and the policy was cancelled on May 13, 1993. The credit union never received the lapse notice and was not aware of the cancellation of the policy until August 17, 1993.

On May 26, 1993, the automobile was damaged to an extent that exceeded its value.

446

Tyler ceased making payments to the credit union and defaulted on the loan. The credit union filed a claim pursuant to the endorsement for payment of the remaining amount due on the loan. The insurance company refused to pay the credit union.

The credit union sued Tyler and the insurance company for the amount due on the loan, alleging that the credit union is a third party beneficiary. The insurance company agrees that the credit union is a third party beneficiary. The credit union obtained a default judgment against Tyler. Both the credit union and the insurance company moved for summary judgment. The magistrate judge granted summary judgment in favor of the credit union and awarded the credit union attorney fees pursuant to I.C. § 41–1839.

On appeal, the district judge reversed the magistrate judge on all issues and awarded attorney fees to the insurance company pursuant to I.C. § 12–120(1), remanding the case to the magistrate judge for a determination of the amount of attorney fees. The credit union appealed.

## II.

### THE CREDIT UNION WAS ENTITLED TO ACTUAL NOTICE OF CANCELLATION.

■ The credit union asserts that it was entitled to actual notice of the cancellation of the policy. We agree.

The Idaho statutes concerning casualty insurance contain the following provision:

Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation or nonrenewal to the **named insured** at his address last of record with the insurer, shall be sufficient proof of notice.

I.C. § 41–2508(3) (emphasis added). The credit union is not the named insured in the policy. Therefore, I.C. § 41–2508 does not apply to this case.

The policy contains the following provision:

If we [the insurance company] cancel, our mailing of notice to *your* last address known to us will constitute proof of notice as of the date we mail it.

(Italics in original). This provision is not applicable to the credit union in this case. According to the policy, when the term "your" appears in the policy it appears in italics and is defined as follows:

**You, Your;** means the person named on the declaration page and that person's husband or wife if a resident of the same household. It also means a member of the family who is a resident of the household and who doesn't own a *car* or whose spouse doesn't own a *car*.

(Italics in original). The credit union is not the named insured and does not fall within the definition of *your* set forth above.

■ We then turn to the endorsement to determine whether the credit union is entitled to actual notice of cancellation. The endorsement contains no statement that notice is effective upon mailing or that mailing constitutes proof of notice. It simply requires "notice of cancellation to the lienholder." The plain meaning of this provision requires the credit union to receive actual notice of cancellation.

## III.

### THE CREDIT UNION DID NOT RECEIVE ACTUAL NOTICE OF CANCELLATION.

■ The credit union asserts that it did not receive actual notice of cancellation. We agree.

I.R.C.P. 56(e) requires that a party opposing summary judgment "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." If a party opposing summary judgment fails to do so concerning a material fact asserted by the party moving for summary judgment, there is no genuine issue that would prevent the granting of summary judgment. *Oats v. Nissan Motor Corp. in the U.S.A.,* 126 Idaho 162, 166, 879 P.2d 1095, 1099 (1994).

The insurance company did not set forth specific facts showing that the credit union received the notice of cancellation, but instead bases its position on the notice it

mailed to the credit union. As we have concluded above, actual notice, not notice presumed because of mailing, is required. Therefore, there is no genuine issue of material fact concerning the lack of actual notice to the credit union, and the credit union is entitled to summary judgment in its favor.

## IV.

### THE CREDIT UNION IS ENTITLED TO ATTORNEY FEES.

The credit union asserts that it is entitled to the reinstatement of the attorney fees awarded to it by the magistrate judge and to attorney fees on appeal pursuant to I.C. § 41–1839. We agree.

I.C. § 41–1839(1) provides that if an insurer fails for a period of thirty days after proof of loss as provided in the policy "to pay to the person entitled thereto the amount justly due" under the policy, attorney fees shall be awarded in any action brought against the insurer. This provision does not limit the award of attorney fees to an insured, but speaks of "the person entitled" to "the amount justly due." Therefore, the credit union is entitled to attorney fees at all stages of this case.

## V.

### CONCLUSION

We reverse the district judge's summary judgment.

We award the credit union costs on appeal.

We remand the case to the magistrate judge with instructions to enter summary judgment in favor of the credit union and to award the credit union reasonable attorney fees at all stages of this case.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.