963 P.2d 363

**DORON PRECISION SYSTEMS, INC., a Delaware Corporation, Plaintiff–Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTEE COMPANY, a Maryland Corporation, Defendant–Respondent.**

No. 23706.

Supreme Court of Idaho, Boise, January 1998 Term.

June 4, 1998.

Rehearing Denied Oct. 6, 1998.

Dykas Law Offices, P.A., Boise, for appellants. Robert L. Shaver argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent. Larry C. Hunter argued.

WALTERS, Justice.

## NATURE OF THE CASE

This is an appeal by Doron Precision Systems, Inc. (Doron) from a summary judgment in favor of United States Fidelity and Guarantee Co. (USF & G). The district court held that USF & G did not owe its policy-holder, Denison's Inc., a duty to defend against a claim of copyright infringement by Doron. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This dispute arose when Doron filed a complaint against Kevin Denison (Denison) alleging copyright infringement. Denison, who was insured by USF & G, informed USF & G of the claim and requested a defense. USF & G refused to defend Denison on the ground that the insurance policy did not provide coverage for the claims of the lawsuit. The provision of the policy at issue provides coverage for "advertising injury." Although the policy defined "advertising injury" to include injury from infringement of copyright, USF & G contended that the policy only covered claims of copyright infringement arising in the course of advertising, and asserted that Doron's complaint simply alleged a claim of copyright infringement without any connection to advertising.

Eventually, Doron and Denison reached a settlement in which Denison admitted to unintentionally infringing upon Doron's copyrights and agreed to pay Doron $150,250 in damages and $38,011 in costs. Denison also assigned to Doron all of its claims, causes of action and rights, if any, against its insurer, USF & G. USF & G was invited to participate in the settlement negotiations, but declined.

Following the settlement agreement, Doron filed a declaratory judgment action against USF & G seeking a determination that USF & G was liable for the damages and costs that Denison owed Doron pursuant to the settlement agreement. Both Doron and USF & G filed motions for summary judgment. The district court granted USF & G's motion for summary judgment and awarded attorney fees to USF & G pursuant to Idaho Code § 12–120(3).

On appeal, Doron contends that advertising copyrighted materials constitutes an advertising injury under the policy. USF & G argues that there is no coverage unless the advertising itself constituted a copyright infringement. Doron also contends that the district court erred in awarding attorney fees to USF & G.

## II. DISCUSSION

### A. Standard of Review.

This Court's review of a district court's decision on a motion for summary judgment is the same as that required of the district court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). Summary judgment must be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Friel v. Boise City Housing Authority,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). On review, as when the judgment is initially considered by the district court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable infer-

ences and conclusions in that party's favor. *Friel*, 126 Idaho at 485, 887 P.2d at 30 (citing *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Harris v. Dept. of Health and Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992)). However, if the evidence reveals no disputed issues of material fact, only a question of law remains, and this Court exercises free review. *Hines v. Hines*, 129 Idaho 847, 850, 934 P.2d 20, 23 (1997).

### B. Whether USF & G had a Duty to Defend.

On appeal, Doron argues that the district court erred in holding that USF & G did not owe a duty to defend because Doron's complaint reveals a potential for liability for advertising injury arising out of infringement of copyright. After reading Doron's complaint broadly, we conclude that the complaint does present a potential for liability, thus, giving rise to USF & G's duty to defend.

An insurer's duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a *potential* for liability that would be covered by the insured's policy. *Kootenai County v. Western Cas. & Sur.*, 113 Idaho 908, 910, 750 P.2d 87, 89 (1988) (quoting *State of Idaho v. Bunker Hill Co.*, 647 F.Supp. 1064, 1068 (D.Idaho 1986)) (emphasis in original). Where there is doubt as to whether a theory of recovery within the policy coverage has been pleaded in the underlying complaint, or which may be included in the underlying complaint, the insurer must defend regardless of possible defenses arising under the policy or potential defenses arising under substantive law governing the claim against the insured. *Id.* An insurer seeking to establish that it has no duty to defend confronts a difficult burden since, at this stage, any doubts as to coverage must be resolved in favor of the insured. *Continental Cas. Co. v. Brady*, 127 Idaho 830, 833, 907 P.2d 807, 810 (1995).

In the case at hand, the insurance policy states that USF & G will provide commercial liability insurance to Denison, which includes coverage for "Advertising Injury." USF & G will pay those sums that

Denison becomes obligated to pay because of advertising injury, to which the coverage part applies. Moreover, USF & G will have the right and duty to defend any suit seeking such advertising injury damages. The policy goes on to define "advertising injury" as injury arising out of "infringement of copyright, title or slogan."

Doron's complaint contained the following relevant allegations:

10. Plaintiff Doron is the owner of all rights, title and interest in the following registered copyrighted works: Wave Blaster; Alpine Challenge; Thriller Run II; Motorcycle Madness; Manhattan Magic; Golden Gate Thrills; Dune Buggy Blast; and Crazy Cart Caper.

. . .

16. Beginning possibly as early as 1989 and at various times since that time, continuing until the present, Defendants and each of them have infringed, and continue to infringe Doron's copyrights by copying and placing on the market computer programs and films corresponding to the aforementioned Doron copyrighted works in violation of the rights of Doron secured by the provisions of 17 U.S.C. § 106 and other provisions of the Copyright Act.

17. On or about October 10, 1992, Defendant Denison's Inc. shipped to L.A.R. Enterprises of Farmington, New Mexico, unauthorized and infringing copies of various works, the copyrights for which are exclusively owned by Plaintiff.

18. On or about August 2, 1993, Defendant Denison's Inc. shipped to L.A.R. Enterprises of Farmington, New Mexico, unauthorized and infringing copies of various works, the copyrights for which are owned exclusively by Plaintiff.

19. Plaintiff has recovered various infringing copies described herein at paragraphs 17 and 18 through a civil action brought in the United States District Court for the District of New Mexico.

20. Defendants and each of them, respectively, have infringed Doron's copyrights by copying, selling, giving or otherwise providing copyrighted works to third parties.

21. Upon information and belief, Defendants and each of [them] have in the past shown and displayed and continue to show and display plaintiff's copyrighted works in the State of Idaho.

In short, Doron's complaint alleged that Denison violated Doron's copyrights regarding certain films and computer programs by copying such material, by placing the material on the market, by selling or giving away such material, and by showing and displaying such material. Although the allegations do not directly state that the copyright infringement occurred in the course of advertising, these allegations in the complaint, when read broadly, reveal a potential for liability under the insurance policy. Specifically, the allegations that Denison showed and displayed the copyrighted materials, and placed the materials "on the market," gave rise to the potential that Denison's copyright infringement activities were related to or connected with advertising. Where there is doubt as to whether the complaint sufficiently alleged advertising injury, USF & G must defend regardless of its potential defenses. *Bunker Hill*, 647 F.Supp. at 1068.

We recognize the daunting task that an insurer faces in determining whether the insurance policy covers such broad ambiguous claims contained in the complaint. However,

> the proper procedure for the insurer to take is to evaluate the claims and determine whether an arguable potential exists for a claim covered by the policy; if so, then the insurer must immediately step in and defend the suit. At the same time if the insurer believes that the policy itself provides a basis, i.e., an exclusion, for noncoverage, it may seek declaratory relief. However, this does not abrogate the necessity of defending the lawsuit until a determination of noncoverage is made. The insurer should not be allowed to "guess wrong" as to the potential for coverage.

*Id. See also Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P.2d 440 (Ct. App.1984).

■ Here, the insurance policy defined advertising injury as injury arising out of infringement of copyright. USF & G took the stance that the policy only covered copyright infringement arising in the course of advertising. However, USF & G narrowly determined the breadth of the policy. The policy provides that advertising injury includes injury arising out of copyright infringement, and does not state any restriction that it only applies to copyright infringement arising in the course of advertising. Thus, whether such copyright infringement is a form of advertising injury reveals a potential for liability, and USF & G was not in the position to "guess wrong" as to the potential for coverage. We hold that USF & G breached its duty to defend.

## C. Liability

■ The next issue concerns the damages flowing from USF & G's breach of its duty to defend. When an insurer breaches its duty to defend, the insurer will be liable for the reasonable costs and attorney fees subsequently incurred by the insured in defending and settling the claim. *Hirst*, 106 Idaho at 799, 683 P.2d at 447 (quoting *Afcan v. Mutual Fire, Marine and Inland Ins. Co.*, 595 P.2d 638, 646 (Alaska 1979)). However, an insurer who breaches its duty to defend may also be held responsible for the entire amount of the settlement.

In *City of Idaho Falls v. Home Indem. Co.*, 126 Idaho 604, 608, 888 P.2d 383, 387 (1995), this Court held that where the insured executed a settlement, the insurer's "duty to indemnify arises so long as a *potential* liability for the [insured] existed which resulted in a reasonable settlement in view of the size of possible recovery and the probability of the claimant's success against the [insured]." (Emphasis in original). The Court noted that although the duty to defend and the duty to indemnify are separate and unrelated obligations, once the insured executed a settlement, the determinative issue for both obligations is whether the complaint revealed a potential for liability. *Id.*

■ Here, the insurance policy provides that USF & G will pay those sums that Denison becomes obligated to pay because of advertising injury. Moreover, USF & G does not contend that Denison's settlement with Doron was unreasonable in view of the

size of possible recovery and the probability of Doron's success against Denison. Thus, having already found that Doron's complaint reveals a potential for liability under the insurance policy, we conclude that USF & G's duty to indemnify also arose. Furthermore, an insurer is not entitled to relitigate an underlying action following a settlement. *Id.* at 610, 888 P.2d at 389. We conclude that USF & G is liable for entire amount of the settlement, which includes the $150,250 in damages and $38,011 in costs.

## D. Attorney Fees.

■ Because USF & G is no longer the prevailing party it is not entitled to attorney fees pursuant to I.C. § 12–120(3). Thus, we vacate the award of attorney fees to USF & G. We next address whether Doron is entitled to attorney fees on appeal. Doron argues that as the assignee of an insured, it is entitled to attorney fees on appeal pursuant to I.C. § 41–1839(1). We agree.

Idaho Code § 41–1839(1) provides "[a]ny insurer ... which shall fail for a period of thirty (30) days after proof of loss has been furnished ... to pay the person entitled thereto the amount justly due under such policy ... shall in any action thereafter brought ... for recovery under the policy ... pay such further amount as the court shall adjudge reasonable as attorney fees on such action." This provision does not limit the award of attorney fees to an insured, but speaks of "the person entitled" to "the amount justly due." *Pocatello R.R. Fed. Credit Union v. Dairyland Ins. Co.,* 129 Idaho 444, 447, 926 P.2d 628, 631 (1996); *see also Empire Fire & Marine Ins. v. North Pacific,* 127 Idaho 716, 719–720, 905 P.2d 1025, 1028–29 (1995) (holding that a subrogee standing in the shoes of an insured who would have been entitled to recover attorney fees pursuant to I.C. § 41–1839(1), is similarly entitled to recover attorney fees).

Here, Denison would have been entitled to recover attorney fees pursuant to I.C. § 41–1839(1) after demonstrating that USF & G breached its duty to defend and was ultimately responsible to indemnify Denison for such claims. As Denison's assignee, Doron stands in the shoes of an insured who is entitled to recover fees. Therefore, we conclude that Doron is entitled to attorney fees on appeal pursuant to I.C. § 41–1839(1).

## III. CONCLUSION

For the foregoing reasons, the district court's decision is reversed on the basis that Doron's complaint revealed a potential for liability, giving rise to USF & G's duty to defend. We hold that USF & G is liable for the entire amount of the settlement, attorney fees and costs incurred in prosecuting the present action.

The case is remanded for entry of judgment in favor of Doron on its claim against USF & G. Attorney fees and costs on appeal are awarded to Doron.

TROUT, C.J., and JOHNSON and SILAK, JJ., concur.

SCHROEDER, Justice, dissenting.

I respectfully dissent from the Court's opinion. Under the Court's interpretation of the policy, advertising injury is defined to *include* injury arising out of copyright infringement. The Court reasons that because the policy does not state any restriction that it applies *only* to copyright infringement arising in the course of advertising, it is not necessary to allege that the advertising injury arose out of an infringement of copyright. While this is an issue of first impression in Idaho, federal courts that have examined this issue have held that there must be a connection between the alleged infringement and the advertising injury. *Sentry Ins. v. R.J. Weber Co., Inc.,* 2 F.3d 554 (5th Cir.1993); *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500 (9th Cir.1994). Furthermore, during oral argument, this Court asked Doron whether it was his position that the policy required a connection between advertising and the infringement. Doron stated that some connection was necessary: "I am comfortable with the fact that some connection has to be there." In this case the policy language is clear; it covers a copyright infringement suit only if the insured infringes someone's copyright in the course of advertising. If the insured infringes a copyright in another context, there is no coverage under the terms of the policy.

While it is true that if an "arguable potential exists for a claim covered by the policy ... the insurer must immediately step in and defend the suit," the insurer is not required to defend if there is not even the potential for coverage. When the insurer believes that a complaint does not reveal a potential for liability that would be covered in the policy, it is not required to bring a declaratory judgment action. In this case, the allegations in the complaint did not reveal a potential for liability. Merely placing copyrighted materials on the market does not give rise to the potential that Denison's copyright infringement activities were related to or connected with advertising. In fact, during oral argument the Court asked Doron whether this "was a belated effort to call it advertising, because that really wasn't the crux of the complaint." Doron conceded that "the focus was on copyright infringement, we didn't say this was advertising activity, no it wasn't stressed at that time." If advertising activity was not "stressed" in the complaint, then the allegations in the complaint did not raise a potential for a covered claim. Accordingly, the district court's grant of summary judgment in favor of USF & G should be affirmed.