Gale W. CLEMENT and Ellen Clement, husband and wife; T. Ross Clement and Louise Clement, husband and wife, Plaintiffs,

v.

FRANKLIN INVESTMENT GROUP, LTD., a Missouri corporation, Defendant.

FRANKLIN INVESTMENT GROUP, LTD., a Missouri corporation, Plaintiff,

v.

Gale W. CLEMENT, et al., Defendants.

Civ. Nos. 86–4215, 87–4156.

United States District Court, D. Idaho.

July 20, 1988.

Gordon N. Myerson, Joseph W. Medved, Gage & Tucker, Kansas City, Mo., Dennis Clyde, Gates & Clyde, Overland Park, Kan., John T. Hawley, Jr., Hawley Troxell Ennis & Hawley, Boise, Idaho, for Clement et al.

John C. Dods, Judy Barber, Shook Hardy & Bacon, Kansas City, Mo., William Singleton, Beckley Singleton DeLanoy Jemison & List, Las Vegas, Nev., Timothy M. O'Brien, Shook Hardy & Bacon, Overland Park, Kan., M.B. Hiller, Richard T. St. Clair, St. Clair, Hiller, Wood, McGrath, St. Clair & Baker, Idaho Falls, Idaho, for Franklin Investment Group.

MEMORANDUM DECISION

CALLISTER, District Judge.

The Court has before it the motion for an award of attorneys fees by Gale and Ellen Clement and Ross and Louise Clement (the

Clements), in Civil No. 86–4215 (wherein the Clements are plaintiffs) and Civil No. 87–4156 (wherein the Clements are defendants). Civil No. 86–4215 is a declaratory judgment action brought by the Clements in this court. Civil No. 87–4156 is an action for specific performance and damages originally brought by Franklin Investment Group, Ltd. (Franklin) in Missouri state court. That action was removed to the United States District Court for the Western District of Missouri and then, pursuant to a court order, transferred to the United States District Court in Kansas. The Kansas court granted a change of venue to Idaho, where this Court granted summary judgment to the Clements in both cases. These two cases present identical issues for purposes of deciding the attorneys fees questions. Therefore, the Court will consolidate the cases for purposes of deciding attorneys fees under Rule 42(a).

■ The parties agree that in this diversity action, Idaho law will control the award of attorneys fees. The Clements have moved for attorneys fees under Idaho Code § 12–120(3), which provides:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

Neither party contests the fact that the Clements were prevailing parties. However, Franklin opposes the award of attorneys fees under Idaho Code § 12–120(3) for two reasons. First, Franklin argues that the facts and circumstances giving rise to this lawsuit do not constitute a commercial transaction as contemplated by the statute.

Second, Franklin asserts that the statute is unconstitutionally overbroad.

In arguing for a narrow interpretation of the statute, Franklin points to the history of the amendment to the statute and the preface language in the Idaho Session Laws and concludes that § 12–120(3) is designed to award attorneys fees only in cases where there is an amount due. Franklin asserts that cases that involve the interpretation of an agreement do not fall within the definition of commercial transactions. The Clements respond that the narrow reading of the statute asserted by Franklin would nullify the language "in any commercial transaction unless otherwise provided by law ... ," and would further nullify the definition of "commercial transaction" in the second paragraph of said section (3).

In accordance with generally accepted statutory construction in the state of Idaho, statutes should not be construed so as to make mere surplusage of any provisions included therein. *Hartley v. Miller–Stephan*, 107 Idaho 688, 692 P.2d 332, 334 (1984). Further, the Idaho Supreme Court assumes "that the legislature intended what it said in the statute, and ... will construe statutory terms according to their common, obvious, and rational meanings." *Id.*

As defined by Idaho Code § 12–120(3), the term "commercial transaction" is broad enough to cover the transaction in this case because the transaction, as contemplated, was not personal or household and was commercial in the ordinary sense of the word. The Court agrees that the language from the first paragraph of subsection (3) —"and any commercial transaction"— would be rendered surplusage if the Court read the statute in any other way. Franklin's claim was for breach of contract, and even though the Court held there was no contract, that holding does not change the basic commercial nature of the transaction. Furthermore, the Clements' declaratory judgment action simply anticipatorily raised affirmative defenses to what was

otherwise a case for specific performance and breach of contract. Finally, the Court does not believe that the terms of the statute are unconstitutionally overbroad because it applies to a clearly discernible class of transactions.

■ Franklin also argues that an award of attorneys fees would be inequitable in this case. The Idaho Supreme Court has made it clear that Idaho Code § 12–120 is mandatory in its nature and has rejected an attempt by a trial judge to impose his own sense of justice in denying the mandatory award. *Evans v. Sawtooth Partners*, 111 Idaho 381, 723 P.2d 925 (Ct.App.1986). The Court is therefore compelled to award some attorneys fees to the Clements under the statute.

■ Franklin's final argument against the attorneys fees award centers on the reasonableness of the amount of the requested award and the method in which the attorneys fees request is placed before the Court. Franklin argues that the award would be largely duplicitous and should not be granted because the Clements do not distinguish between the amounts to be awarded in the case originating in Missouri and transferred to this Court and the case brought originally in this Court. The Court sees no difficulty in the way that the Clements have presented their request because both cases are now before the Court and a review of the affidavits for attorneys fees reveal that all of the requested fees relate directly to the two cases before the Court. The Clements have made it clear that they are not requesting any fees for prior negotiation but instead began incurring the requested fees only from the time of the institution of the lawsuits. The Court will simply enter a judgment that will apply in both cases.

Franklin also argues that the requested award is unreasonably large. The Court disagrees because of the large amount of money involved in the suits in the event that Franklin would have prevailed. The Court notes that the Clements have admit- ted to some duplicity in the fees, and although the Court believes the duplicity was perhaps warranted given the complexity of the issues, the Court will reduce the requested fees award by the amount that the Clements admit was duplicitous. The duplication in Civil No. 86–4215 appears to be 62 hours and the duplication in Civil No. 87–4156 appears to be 11 hours. From the total requested award of $52,682.50, the Court will subtract the amount of $6,205.00, leaving a total award for attorneys fees of $46,477.50. In Civil No. 86–4215, costs will be awarded in the amount of $2,413.66.

## JUDGMENT

The Court has before it the motion for an award of attorneys fees by Gale and Ellen Clement and Ross and Louise Clement for attorneys fees in Civil Nos. 86–4215 and 87–4156. In accordance with the views expressed in the memorandum decision accompanying this judgment,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above-entitled cases be, and the same are hereby, consolidated for purposes of deciding the attorneys fees motions.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for attorneys fees be, and the same is hereby, GRANTED, and that plaintiffs have judgment against the defendant for attorneys fees for both cases in the total amount of $46,477.50.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clements be awarded costs in Civil No. 86–4215 in the amount of $2,413.66.