960 P.2d 175

Jennifer FISH, a minor, and her parents,
Eugene Fish and Marilyn Fish,
Plaintiffs–Appellants,

v.

Albert Ronald SMITH and K.J. Weller,
Inc., Defendants–Respondents.

No. 23577.

Supreme Court of Idaho,
Coeur d'Alene, April 1998 Term.

June 15, 1998.

Howard & Owens, Coeur d'Alene, for appellants. Leander L. James IV argued.

Clements, Brown & McNichols, Lewiston, for respondents, waived appearance for argument.

JOHNSON, Justice.

This is a discretionary costs case. We conclude that the trial court did not abuse its discretion in denying discretionary costs.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Jennifer Fish (Jennifer), a minor, was a passenger on a school bus that was rear-ended by a vehicle assigned to the Department of Health and Welfare, which in turn had been rear-ended by a truck owned by K.J. Weller, Inc. (Weller) and driven by Albert Ronald Smith (Smith). Jennifer and her parents (collectively referred to as Fish) sued both Weller and Smith (the defendants) for injuries Jennifer allegedly sustained as a result of the accident. A jury awarded Fish $177,800 in compensatory damages against the defendants and $1,750 in punitive damages against Smith only. Fish then requested costs as the prevailing party. The trial

court awarded Fish $11,077.29 in costs as a matter of right pursuant to Idaho Rule of Civil Procedure (I.R.C.P.) 54(d)(1)(C). The trial court denied Fish's claimed discretionary costs for expert witness fees, and for travel, lodging, and photocopying on the ground they were not "exceptional" pursuant to I.R.C.P. 54(d)(1)(D). Fish appealed.

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING DISCRETIONARY COSTS.

Fish asserts that the trial court abused its discretion in denying discretionary costs. We disagree.

■ The prevailing party in a civil action has a right to seek reimbursement of the costs incurred in prosecuting or defending the action. I.R.C.P. 54(d)(1)(A). The process for considering an allowance of discretionary costs is contained in I.R.C.P. 54(d)(1)(D):

(D) Discretionary Costs. Additional items of cost not enumerated in, or in an amount in excess of that listed in subparagraph (C), may be allowed upon a showing that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party. The trial court, in ruling upon objections to such discretionary costs contained in the memorandum of costs, shall make express findings as to why such specific item of discretionary cost should or should not be allowed. In the absence of any objection to such an item of discretionary costs, the court may disallow on its own motion any such items of discretionary costs and shall make express findings supporting such disallowance.

The grant or denial of discretionary costs is "committed to the sound discretion of the district court," and will only be reviewed by an appellate court for an abuse of that discretion. *Zimmerman v. Volkswagen of America, Inc.*, 128 Idaho 851, 857, 920 P.2d 67, 73 (1996), *cert. denied*, — U.S. ——, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997). In considering whether the trial court abused its discretion

in ruling on a request for discretionary costs, we make a three-step inquiry: "(1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the boundaries of its discretion and consistent with the applicable legal standards; and (3) whether the trial court reached its determination through an exercise of reason." *Id.*

■ In its ruling denying Fish discretionary costs, the trial court specifically acknowledged that it was exercising its discretion in reviewing Fish's request for discretionary costs.

The trial court stated that it recognized that in exercising its discretion in this matter, it must determine, pursuant to statute and case law, whether the costs asserted were necessary, reasonable, and exceptional, and whether the costs should be awarded to promote the interests of justice. This demonstrates that the trial court understood and acted within the boundaries of its discretion and consistent with the applicable legal standards.

The trial court found that the requested discretionary costs were both necessary and reasonable but found that they were not exceptional. The trial court stated that it had "observed the conduct at trial and particularly the testimony of the expert witnesses" and was unpersuaded by the affidavits submitted by Fish "that this case was 'exceptional.'" The trial court also found that the discretionary costs Fish requested for expert witnesses were "not exceptional 'in a case of this nature.'" In addition, the trial court found that "travel and lodging expenses for expert witnesses and attorneys and photocopy expenses are not exceptional but, on the contrary, are common 'in a case of this nature.'" These findings satisfied both the dictates of I.R.C.P. 54(d)(1)(D) and the exercise of reason step in the abuse of discretion test outlined in *Zimmerman*.

Fish contends that the trial court abused its discretion because it failed to define "exceptional." In fact, by its reasoning in ruling that the requested costs were not exceptional, the trial court did give meaning to this word. The trial court pointed out that "ex-

**494**

pert witnesses—medical; neuropsychological; accident reconstruction; vocational; and so forth—routinely testify in serious personal injury actions," and that "[t]he vast majority of litigated personal injury cases ... routinely require an assessment of the accident and the alleged injuries by various sorts of doctors of medicine, accident reconstructionists, vocational experts and so on." The trial court concluded: "This is the very 'nature' of these sorts of cases. Similarly, travel and lodging expenses for expert witnesses and attorneys and photocopy expenses are not exceptional but, on the contrary, are common 'in a case of this nature.'" This demonstrates the trial court's understanding of the meaning of "exceptional" as contained in I.R.C.P. 54(d)(1)(D).

Fish also contends that the trial court abused its discretion in failing to make a specific finding on each discretionary cost item. In *Roe v. Harris,* 128 Idaho 569, 917 P.2d 403 (1996), the Court ruled that the trial court acted within the boundaries of its discretion and correctly followed the legal standard for evaluating discretionary costs because "although it did not evaluate the costs item by item, it did make express findings as required by I.R.C.P. 54(d)(1)(D) with regard to the general character of the requested costs." *Id.* at 574, 917 P.2d at 408. We conclude the same is true here.

The trial court did not abuse its discretion in denying the discretionary costs requested by Fish.

### III.

### CONCLUSION

We affirm the trial court's denial of discretionary costs.

We award the defendants costs, but not attorney fees, on appeal.

TROUT, C.J., and SILAK, SCHROEDER, and WALTERS, JJ., concur.