965 P.2d 187

Julie RHOADES, Plaintiff–Appellant,

v.

Board Of Trustees, IDAHO FALLS SCHOOL DISTRICT NO. 91, And H. Ray Hart; Reed Monson; Ernest Jensen; Jerry Wixom; Marjorie Miller and Kay Finley, Members of the Board, in their Official Capacities, Defendants–Respondents.

No. 23406.

Supreme Court of Idaho,
Idaho Falls, May 1998 Term.

Aug. 11, 1998.

Rehearing Denied Oct. 23, 1998.

John E. Rumel, Boise, for appellant.

Quane, Smith, Howard & Hull, Idaho Falls, for respondents. Donald F. Carey argued.

JOHNSON, Justice.

This is a public school teacher employment case. We conclude that because the board of trustees failed to take action pursuant to section 33–514 of the Idaho Code (I.C.) to notify the teacher that she would not be reemployed for the following school year, the teacher is entitled to be treated as though she had been reemployed for that year.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

On August 31, 1992, Idaho Falls School District No. 91 (the district) sent a letter to

Julie Reed, now Julie Rhoades, (the teacher) stating:

> We are pleased to offer you a .5 FTE contract for the 1992–93 school year. This contract is for one year only and is non-renewable. While you will be given consideration for any openings that may occur for the 1993–94 school year, you will need to re-apply through the regular application process.

On August 31, 1992, the teacher signed the following statement the district had prepared at the bottom of the letter: "I understand that the .5 FTE contract represented in this letter is for the 1992–93 school year only and that I will be required to re-apply for future openings." The teacher signed a "Teacher's Standard Contract" (the contract) dated September 25, 1992, which described her salary as "Adjusted Base Salary for 190 days, 50 percent of teaching day—$10,158.00." The chair of the district's board of trustees (the board) signed the contract on behalf of the district. The contract also included the following provisions:

> 3. It is understood and agreed between the parties that this contract is subject to the applicable laws of the State of Idaho, the duly adopted rules of the State Board of Education and the policies of the District which are, by reference, incorporated herein and made a part of this agreement the same as if fully set forth herein.
>
> . . .
>
> It is mutually understood and agreed by and between the parties that nothing contained herein shall operate, or be construed, as a waiver of any rights, powers, privileges, or duties of either party hereto, by and under the laws of the State of Idaho, except as expressly stated in this agreement.

The following legend appeared at the bottom of the contract: "This contract form was prepared pursuant to Section 33–513, Idaho Code, and may be used by any school district. Any other form of contract must be approved by the State Board of Education."

The district and the Idaho Falls Education Association, representing the professional employees of the district, entered into a "Ne-gotiated Master Contract" (the master contract) for the 1992–1993 school year. The following are some of the provisions in the master contract:

> 2–1 This agreement shall be part of the contract of all professional employees of School District No. 91.
>
> . . .
>
> 6–2 *Just Cause:* No teacher shall be disciplined, reprimanded, reduced in rank or compensation, nonrenewed, dismissed, terminated, or deprived of any professional advantage without just cause.
>
> . . .
>
> 6–8 *Contract Renewal:*
>
> 6–8–1 Idaho Code, Sections 33–513, 33–514, and 33–515, provides legal rights teachers have concerning nonrenewal of teaching contracts. . . .
>
> . . .
>
> Before the Board of Trustees can determine not to renew a noncontinuing contract teacher's contract, the following procedures must take place:
>
> 1. An evaluation during the first semester of each year of employment;
>
> 2. Unsatisfactory work must be identified and the teacher notified in writing of any deficiencies;
>
> 3. The teacher must be placed on probation and the reason(s) and conditions of the probation supplied in writing.
>
> 6–8–2 The District agrees that contract nonrenewal shall be for just and reasonable cause only.
>
> . . .
>
> 6–8–4 All notices advising a noncontinuing contract teacher that his/her contract will not be renewed will be sent no later than May 15.
>
> . . .
>
> 10–9 *Reduction in Force:* The Board agrees to include the District Policy on Reduction in Force as an addendum to the Negotiated Agreement. It is understood that the addendum is for informational purposes and is not a part of the Negotiated Agreement.
>
> It is further understood that the Board will not unilaterally change the provi-

sions of this policy unless the Board notifies the Representative Organization and provides information and opportunity to express opinions as to the proposed changes before a decision is made.

. . .

The district's reduction in force policy attached as an addendum to the master contract provides, as follows:

A. *Procedure for Reduction of Teaching Staff:* In the event the Board of Trustees adopts a reduced education program by reason of its financial necessity, including, but not limited to: declining enrollment, levy failure, decreased state or local funding, or decreased federal funding, those staff members who will be laid off or contract nonrenewed, or adversely affected in contract status will be identified by using the following procedure:

. . . .

Following this provision is an intricate set of procedures for determining how to select those teachers whose employment will be affected by the reduction in force.

The teacher fulfilled her duties under the contract and received positive evaluations by her supervisors. On March 29, 1993, the superintendent of the district (the superintendent) sent the teacher the following letter:

You were hired on a One Year Contract for the 1992–93 school year. This letter is to notify you that, as of this time, the school district does not anticipate needing your services for the coming year. Therefore, your services with School District 91 will cease effective June 11, 1993.

Thank you for the services rendered to the students of School District 91 during this school year. If a future position should open for which you are qualified, I hope you would submit your application.

On August 11, 1993, the teacher wrote to the district expressing her interest in continuing employment. On August 18, 1993, the district's director of elementary education (the director) wrote to the teacher reminding the teacher that her contract was for the 1992–93 school year only and concluded by stating as follows:

The half time kindergarten session which you taught last year at Bush was moved to Temple View due to the Boundary change which was effected by Trustees last February. That position will be filled next year by a teacher who is returning from Maternity Leave. Consequently, the position which you held last year is not available. It does not appear that we will have a position for you for the 1993–94 school year. We extend to you our best wishes in your search for employment.

The teacher has applied for employment with the district each year since receiving this letter. The district has not offered the teacher any employment in response to these applications.

In May 1995, the teacher sued the district, the board, and the board members (collectively the defendants) seeking reinstatement as a teacher in the district, damages, and attorney fees, and requested a jury trial. Both the teacher and the defendants requested summary judgment. The trial court concluded that the district did not comply with the requirements of I.C. § 33–514 when the superintendent, instead of the board, gave the teacher the reason for not reemploying her in his March 29, 1993 letter and the director gave her the reason in his August 18, 1993 letter. The trial court concluded that the only remedy for the violation of the statute was that the teacher was entitled to a notice from the board of its decision not to rehire her and a statement of reasons for its decision and that the teacher was not entitled to reinstatement, back pay, or damages. In granting summary judgment in favor of the defendants, the trial court also concluded that the defendants had not violated the master agreement in not rehiring the teacher, did not violate I.C. § 33–514 by failing to put the teacher on probation, and did not breach the covenant of good faith and fair dealing. The teacher appealed.

## II.

## THE DISTRICT WAS NOT ENTITLED TO TREAT THE CONTRACT AS A TERMINAL, ONE–YEAR CONTRACT.

The teacher asserts that the district was not entitled to limit her employment to a terminal, one-year contract. We agree.

I.C. § 33–513(1) authorizes the board to employ professional personnel "on written contract in form approved by the state superintendent of public instruction." The contract signed by the teacher and the chair of the board for the 1992–93 school year bears a legend that it was prepared pursuant to I.C. § 33–513 and that any other form of contract must be approved by the State Board of Education. There is no evidence that the other documents on which the district relies to remove the protections of the statutes and the master contract were approved by the State Superintendent of Public Instruction or the State Board of Education. Therefore, they were ineffective to change the rights the teacher had under the statutes and the master contract.

We note with interest the action of the legislature in 1997 adding I.C. § 33–514A, which provides:

> 33–514A. **Issuance of limited contract.** After August 1, the board of trustees may exercise the option of employing certified personnel on a one (1) year limited contract. Such a contract is specifically offered for the limited duration of the ensuing school year, and no further notice is required by the district to terminate the contract at the conclusion of the contract year.

The enactment of this statute to authorize what the district did in this case is evidence that it was not the intent of the legislature before 1997 that the district could employ a teacher under a terminal, one-year contract. *Dohl v. PSF Indus., Inc.*, 127 Idaho 232, 237, 899 P.2d 445, 450 (1995) (stating the rule that "the legislature's amendment of a statute indicates an intent of the legislature to change the meaning of the provision").

### III.

### THE BOARD FAILED TO GIVE THE TEACHER NOTICE AS REQUIRED BY I.C. § 33–514.

The teacher asserts that the board failed to give her notice that she would not be reemployed as required by I.C. § 33–514. We agree.

I.C. § 33–514 contains the following provision:

> Through the third year of continuous employment by the same school district, including any specially chartered district, each [certificated employee who is not employed on a renewable contract] shall be given notice, in writing, whether he or she will be reemployed for the next ensuing year. Such notice shall be given by the board of trustees no later than the fifteenth day of June of each such year. If the board of trustees has decided not to reemploy the certificated employee, then the notice must contain a statement of reasons for such decision and the employee shall upon request, be given the opportunity for an informal review of such decision by the board of trustees.

The only written communication from the district by June 15, 1993 indicating that the district did not intend to reemploy the teacher for the 1993–94 school year was the letter of March 19, 1993 from the superintendent. This was insufficient to fulfill the requirement of the statute that the board must give the notice. *Hermann v. Indep. Sch. Dist. No. 1*, 24 Idaho 554, 564–67, 135 P. 1159, 1162–63 (1913). Also, the legislature's enactment of I.C. § 33–514A in 1997 authorizing the issuance of a one-year limited contract with no further notice from the district indicates the legislature's intent that the requirements of board action in I.C. § 33–514 were previously necessary.

We note that despite the rationale given by the director of elementary education in his August 18, 1993 letter to the teacher, there is no evidence that the district implemented a reduction in force pursuant to the policy attached to the negotiated agreement.

### IV.

### THE TEACHER IS ENTITLED TO RELIEF AS THOUGH SHE HAD BEEN REEMPLOYED AS A HALF–TIME EMPLOYEE FOR THE 1993–94 SCHOOL YEAR.

The teacher asserts that she is entitled to reinstatement and damages, including back pay benefits. We conclude that the teacher is entitled to relief as though she had been reemployed as a half-time employee for the 1993–94 school year.

Because the board did not take action as required under I.C. § 33–514 to notify the teacher that she would not be reemployed for the 1993–94 school year, the effect was the same as though the board had notified the teacher that she would be reemployed for the next year. Otherwise, the requirements of the statute become meaningless. The board could simply fail to take any action rather than following the requirements of the statute, and the teacher would have no relief. The legislature has carefully included requirements for board action in I.C. § 33–514. It would thwart the obvious legislative intent not to treat the lack of board action as, in effect, a decision to rehire. Therefore, we conclude that the teacher should be treated as though she had been rehired for the 1993–94 school year as a half-time employee of the district.

We decline to reinstate the teacher for all the subsequent years. The teacher chose to delay suing the district until the end of the 1994–95 school year, when she could have sued during the 1993–94 school year. Even though there is no evidence in the record that the teacher intentionally delayed her suit in order to seek reinstatement for more than one year, we will not extend the relief to which she is entitled beyond the year for which she was entitled to reemployment.

## V.

### CONCLUSION

We reverse the trial court's summary judgment in favor of the defendants and remand the case to the trial court for the granting of summary judgment in favor of the teacher, with an appropriate calculation of the compensation to which the teacher is entitled, after the application of the rules concerning mitigation of damages.

We award the teacher costs on appeal.

TROUT, C.J., and SILAK and SCHROEDER, JJ., concur.

WALTERS, J., dissents without opinion.