977 P.2d 199

**Margot SHAY, Plaintiff–Appellant,**

v.

**Richard CESLER and Joyce Cesler, husband and wife, dba The Power House Car Audio, Defendants–Respondents.**

No. 23978.

Supreme Court of Idaho,
Boise, January 1999 Term.

March 17, 1999.

Park, Thomas & Burkett, Boise, for appellant.

Brown & Edwards, Chtd., Boise, for respondents.

KIDWELL, Justice.

This appeal presents the issue of whether a prevailing employer can be awarded attorney fees when an employee makes a legitimate claim for wages under Title 45, Chapter 6 of the Idaho Code. The district court concluded that Richard and Joyce Cesler were entitled to recover attorney fees under I.C. § 12–120(3) for defending a wage claim made by Margot Shay. We reverse.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Margot Shay was employed by Richard and Joyce Cesler as installation manager at The Power House Car Audio from December 1994 to May 1995. The record shows that Shay was to be paid $10 per hour and receive a 10% interest in the business in return for her employment. Eventually it became apparent that the parties could not work together, and the business arrangement ended.

Shay filed suit against the Ceslers. The first count of Shay's complaint, claiming that the Ceslers as individuals owed her $11,125 in back wages, demanded treble wages of $33,375 under Sections 45–614 and 45–617 of the Idaho Code. The second count demanded Shay's 10% interest in the partnership. The Ceslers counterclaimed alleging conversion, breach of contract, and misrepresentation; they also sought dissolution of the partnership. In a special verdict, the jury found that the Ceslers did not individually contract to pay wages to Shay, that Shay did not convert any of the Ceslers' property, and that no accord and satisfaction had been reached between the parties. The district court entered judgment based on the jury's verdict. Following additional discovery on the value of the business, Shay moved to

dismiss the remaining claims and the district court granted the motion.

The Ceslers filed a motion for costs and attorney fees as the prevailing party pursuant to Sections 12–120(1) and (3) of the Idaho Code. The district court disallowed fees for Shay's second count demanding her interest in the partnership. It did not award attorney fees under I.C. § 12–120(1) for the wage claim because Shay had pleaded an amount exceeding the subsection's statutory maximum of $25,000. However, the district court awarded the Ceslers $13,500 in attorney fees under I.C. § 12–120(3), ruling that Shay's wage claim was based upon a contract for services as well as a commercial transaction under the meaning of the statute. Shay appeals.

## II.

### STANDARD OF REVIEW

In this case we are asked to decide whether attorney fees under I.C. § 12–120(3) can be awarded to a prevailing employer when an employee brings a reasonable claim for wages under Title 45, Chapter 6 of the Idaho Code. Determining whether applicable statutes bar the award of attorney fees is a matter of law over which we exercise free review. *J.R. Simplot Co. v. Western Heritage Ins. Co.*, 132 Idaho 582, 584, 977 P.2d 196, 198 (1999); *see also Kelly v. Silverwood Estates*, 127 Idaho 624, 631, 903 P.2d 1321, 1328 (1995).

## III.

### I.C. § 45–612 IS THE EXCLUSIVE CODE SECTION UNDER WHICH AN EMPLOYER CAN RECOVER ATTORNEY FEES WHEN THE EMPLOYEE BRINGS A CLAIM FOR WAGES AND TREBLE DAMAGES.

Section 12–120(3) mandates the award of attorney fees to the prevailing party in a "civil action to recover on [a] ... contract relating to the purchase or sale of ... services." This section applies to "any commercial transaction unless otherwise provided by law." I.C. § 12–120(3). We must decide whether the operation of Title 45, Chapter 6 precludes the award of attorney fees under I.C. § 12–120(3).

Shay brought her claim for wages under Title 45, Chapter 6, which provides mechanisms for collecting "salary, wages, overtime compensation, penalties and liquidated damages provided by any law or pursuant to a contract of employment." I.C. § 45–614. This chapter contains two attorney fee provisions. Section 45–615 allows a prevailing employee to collect attorney fees only when "a demand has been made, in writing, at least five (5) days before suit was brought, for a sum not·to exceed the amount so found due" by the court. I.C. § 45–615. Section 45–612(2) allows attorney fees to employers when the employee has knowingly made a false claim.

In *Bilow v. Preco, Inc.*, 132 Idaho 23, 966 P.2d 23 (1998), this Court faced the issue of whether a prevailing employee who sued under the wage claim statute could recover attorney fees under I.C. § 12–120(3). The employee had failed to file a demand as required by I.C. § 45–615. *Id.* at 31, 966 P.2d at 31. We held that, despite the strict conditions imposed on the employee, "I.C. §§ 45–615 and 45–617 are the *exclusive* code sections under which an employee can recover attorney fees when the employee brings a claim for wages and treble damages." *Id.* at 33, 966 P.2d at 33 (emphasis added). Attorney fees are not awarded under I.C. § 45–615 if the employee fails to demand past due wages in writing. *Id.* at 31, 33, 966 P.2d at 31, 33; *Kingsford v. Bennion*, 68 Idaho 501, 506, 199 P.2d 625, 628 (1948), *overruled on other grounds by Smith v. Daniels*, 93 Idaho 716, 471 P.2d 571 (1970). Nor are they awarded when the employee's written demand for wages exceeds the amount of wages awarded by the district court. *Gano v. Air Idaho, Inc.*, 99 Idaho 720, 723, 587 P.2d 1255, 1258 (1978). This is mandated even if the difference is relatively minor: the Court rejected a claim for attorney fees when the employee demanded $7,000.00 and the trial court awarded $6,903.22. *See Fish v. Fleishman*, 87 Idaho 126, 134, 391 P.2d 344, 349 (1964).

In accord with its stringent standards for attorney fees to a prevailing employee, Title 45, Chapter 6 provides an equally narrow allowance for prevailing employers. The chapter's only provision for prevailing employers was adopted by the Idaho legislature in March 1996 as House Bill 565, when I.C. § 12–120(3) already existed in its present form. 1996 Idaho Sess. Laws ch. 89; 1986 Idaho Sess. Laws ch. 205. Section 45–612 provides for awards of attorney fees and costs to employers for the defense of "a false claim which the employee knew to be false at the time the employee brought the action." I.C. § 45–612(2). Thus, the wage claim chapter allows an employer to collect attorney fees only if the action is pursued without foundation.

Where two statutory provisions appear to apply to the grant of attorney fees, the specific controls over the general. *K. Hefner, Inc. v. Caremark, Inc.*, 128 Idaho 726, 732, 918 P.2d 595, 601 (1996); *Roe v. Harris*, 128 Idaho 569, 572, 917 P.2d 403, 406 (1996); *see also Loftus v. Snake River Sch. Dist.*, 130 Idaho 426, 428, 942 P.2d 550, 552 (1997) (where teacher suspended without pay for two days sued for wages under the general wage claim statute I.C. § 45–609(1), specific language in I.C. § 33–513 allowed the school board to suspend the teacher without pay). Moreover, to the extent that statutes conflict, the more recent expression of legislative intent prevails. *Mickelsen v. City of Rexburg*, 101 Idaho 305, 307, 612 P.2d 542, 544 (1980). "[W]e construe statutes under the assumption that the legislature knew of all legal precedent and other statutes in existence at the time the statu[t]es were passed." *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 126 Idaho 145, 150, 879 P.2d 1078, 1083 (1994). Finally, we construe statutes that are *in pari materia* (of the same matter or subject) together as one system to effect legislative intent. *Id.*

The Ceslers claim that Title 45, Chapter 6 is not meant to be the exclusive remedy for a prevailing employer in a wage claim. We disagree. As we explained in *Bilow*, this chapter's attorney fee provisions "would be meaningless if it were possible to avoid the requirement by simply seeking attorney fees

under I.C. § 12–120(3)." *Bilow*, 132 Idaho at 33, 966 P.2d at 33. A "common sense appraisal of what the legislature intended," *id.* (quoting *Lawless v. Davis*, 98 Idaho 175, 176, 560 P.2d 497, 498 (1977)), suggests that attorney fee provisions were deliberately limited. On one hand, the demand requirement imposed upon prevailing employees encourages employees to demand wages from their employers before seeking redress in the court system, as well as discouraging them from bringing inflated wage claims to court. On the other hand, awarding attorney fees to employers only when the employee has acted in bad faith ensures that employees with legitimate wage claims will not be discouraged from seeking relief. This comports with House Bill 565's statement of purpose in imposing the attorney fee provision, "to discourage false employment claims by imposing certain penalties." Statement of Purpose, House Bill 565.

This decision is in accord with our previous holdings that attorney fees under I.C. § 12–120(3) are not available when the claim is based on a statutory provision, even when the underlying action depends on contract. In a partnership dissolution case, we stated, "Attorney fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover." *Kelly*, 127 Idaho at 631, 903 P.2d at 1328. *See also Gumprecht v. Doyle*, 128 Idaho 242, 242, 245, 912 P.2d 610, 610, 613 (1995) (attorney fees under I.C. § 12–120(3) not available where a plaintiff sued his former business associates for a corporate accounting pursuant to I.C. § 30–1–52 because gravamen of the suit was statutory provision); *Atwood v. Western Const., Inc.*, 129 Idaho 234, 241, 923 P.2d 479, 486 (Ct. App.1996) (refusing to award attorney fees under I.C. § 12–120(3) to company for its successful defense of employee's age discrimination claim based on I.C. § 67–5909). Here the attorney fee award was made solely on the count relating to Shay's wage claim. Since the gravamen of Shay's suit was not violation of an employment contract but violation of the statute, Section 12–120(3) does not apply.

## IV.

## CONCLUSION

For the reasons stated above, the district court's grant of the Ceslers' motion for attorney fees under I.C. § 12–120(3) is reversed. Costs are awarded to Shay pursuant to I.A.R. 40.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS CONCUR.