51 P.3d 382

**Nancy ZATTIERO, Plaintiff–Appellant,**

v.

**HOMEDALE SCHOOL DISTRICT NO. 370, Defendant–Respondent.**

**No. 27117.**

Supreme Court of Idaho,
Boise, February 2002 Term.

April 24, 2002.

Rehearing Denied Aug. 6, 2002.

John E. Rumel, Boise, for appellant.

Eberharter–Maki & Tappen, Boise; Brassey, Wetherell, Crawford & McCurdy, Boise, for respondent. Nick Crawford argued.

TROUT, Chief Justice

Nancy Zattiero ("Zattiero") appeals the district judge's order granting summary judgment in favor of the Homedale School District No. 370 ("School District").

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Zattiero has been employed as a school nurse by the School District from the 1988–1989 school year to the present. Zattiero has an Associate of Arts degree in nursing and is certified as a school nurse by the Idaho State Department of Education. Zattiero's responsibilities do not include teaching; however, at a teacher's request, she occasionally makes classroom presentations.

The School District has adopted a Certified Salary Schedule (Certified Schedule), which is used to determine the rate of pay for certain certificated employees. A certificated employee is one who is required to hold certificates issued by the State Board of Education and the state of Idaho.[1] The certificated employees' pay is determined by the Certified Schedule grid, based upon education level and years of experience. The lowest level on the Certified Schedule grid is designated for an employee holding a Bachelor of Arts degree.

From at least the 1996–1997 school year to the present, the School Board has adopted a Classified Salary Schedule (Classified Schedule) and Classified Personnel list. The classified personnel list includes personnel who do not perform professional duties and who are not required to hold professional certificates, such as classroom and playground aides, school lunch workers, custodians and bus drivers. During the 1996–1997 and 1997–1998 school years, the School District included Zattiero on its list of classified employees, the only employee with certification on the list.

In 1997, Jim Smith, from the Idaho Department of Education, sent Zattiero and Superintendent Bob Lisonbee a memo stating school nurses could be placed on either a certificated or classified salary schedule. After the School District developed a salary schedule specifically designated for school nurses (Nurse Schedule) from which her wage was calculated, Zattiero was placed on a contract for the 1998–1999 school year. The Nurse Schedule reflects a wage that is less than teachers working for the School District. Zattiero has been paid in accordance with the Nurse Schedule for the past two years. For the 1998–1999 school year, the school district paid Zattiero a salary of $18,839.

On October 23, 1998, Zattiero's counsel sent the School District a letter demanding that it pay Zattiero wages due and owing in the amount of $12,445.[2] The School District

---

1. In addition to those with specific teaching responsibilities, counselors and the media specialist/librarian, all who hold teaching certificates, are paid according to the certificated salary schedule.

2. The $12,445 consists of the sum of $5,612 (the difference between the amount of pay from the Certified Schedule and the Classified Schedule for the 1996–1997 school year plus $6,540 (the difference between the amount of pay from the Certified Schedule and Classified Schedule for the 1997–1998 school year plus $430 in back wages for the 1998–1999 school year.

responded by letter, refusing to pay any amounts owing to Zattiero for the 1996–1997 and 1997–1998 school years. The School District did agree to place Zattiero on the ninth step of the Nurse Schedule for the 1998–1999 school year and pay her $430 in back wages for that school year.

On October 30, 1998, Zattiero filed a Complaint and demand for jury trial against the School District for wages due and quantum meruit. Specifically, Zattiero alleged the School District willfully failed to pay Zattiero pursuant to the terms of the School District's Certified Schedule during the 1996–1997 and 1997–1998 school years, thereby wrongfully withholding wages from her. Zattiero then filed a motion for summary judgment on both the liability and damages aspects of her wage claim to which the School District responded with a cross-motion for summary judgment likewise seeking judgment on each of Zattiero's claims. On September 26, 2000, the district judge denied Zattiero's motion for summary judgment and granted the School District's cross-motion. Zattiero subsequently filed this appeal.

## II.

## STANDARD OF REVIEW

■ Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "On appeal, this Court exercises free review over the entire record that was before the district court in order to determine whether either party is entitled to judgment as a matter of law." *Lowder v. Minidoka County Joint Sch. Dist. No. 331*, 132 Idaho 834, 837, 979 P.2d 1192, 1195 (1999).

3. I.C. § 33–1201 provides:
   Every person who is employed to serve in any elementary or secondary school in the capacity of teacher, supervisor, administrator, education specialist, *school nurse* or school librarian shall be required to have and to hold a certificate issued under authority of the state board of education, valid for the service being

## III.

## DISCUSSION

### 1. Certified Schedule

■ Idaho Code § 33–1201 requires every person who is employed to serve in any elementary or secondary school in the capacity of a school nurse to possess a certificate issued under authority of the State Board of Education.[3] I.C. § 33–1201. Zattiero was certified pursuant to this requirement from the beginning of her employment. Although the School District recognized Zattiero as a certificated employee for many purposes (e.g. the School District reported that Zattiero was part of the "certified staff" in their basic education data system survey to the Idaho Department of Education), the School District treated Zattiero as a classified employee for the purpose of her annual contract/salary. While the School Board could pay Zattiero in accordance to the Certified Schedule, it was not required to do so either by statute or by School District policy. There is no written School District policy requiring the salary of "certified staff" be set exclusively by reference to the Certified Schedule, even though the Certified Schedule specifically refers to certified staff.

Zattiero argues the plain language of the title "Certified Salary Schedule" indicates the Certified Schedule was intended to cover all non-administrative certificated employees performing certified work, and not just teachers or select categories of certified employees. Zattiero points to the fact she was the only non-administrative certified employee not paid according to this schedule, citing as examples librarians and counselors. However, as the School District points out, the lowest level on the Certified Schedule grid begins with an employee holding a Bachelor's degree. The librarian and counselors all hold teaching certificates and Bachelor's degrees, whereas Zattiero does not.

rendered; except that the state board of education may authorize endorsement for use in Idaho, for not more than five (5) years, certificates valid in other states when the qualifications therefor are not lower than those required for an Idaho certificate.
. . . .
(Emphasis added).

Zattiero asserts the fact the School Board later enacted a Nurse Schedule specifically for nurses evidences the School Board's intent to pay nurses under the Certified Schedule, even though the School District failed to do so. Where a legislative body enacts amendments to a legislative scheme to authorize a practice that had not previously been authorized, absent an express indication to the contrary, that evidences an intent to change existing law. *See Rhoades v. Bd. of Trustees,* 131 Idaho 827, 830, 965 P.2d 187, 190 (1998); *Dohl v. P.S.F. Indus., Inc.,* 127 Idaho 232, 237, 899 P.2d 445, 450 (1995); *Gunter v. Bd. of Trustees,* 123 Idaho 910, 914, 854 P.2d 253, 257 (1993). In enacting the new Nurse Schedule, the School Board effectively changed the rate Zattiero was currently being paid. However, it is not clear the School Board ever intended to pay Zattiero in accordance with the Certified Schedule. The adoption of this new policy, at most, was intended as an effort to clarify the salary for school nurses.

Zattiero also argues the Certified Schedule qualifies as a local administrative regulation, thus having the force and effect of statutory law, which would be incorporated into her employment contract, and the School District's failure to pay her according to the Certified Schedule constitutes a breach of contract and improper wage withholding.

Zattiero correctly asserts that extant law is written into and made part of every written contract. *Robinson v. Joint Sch. Dist. # 150,* 100 Idaho 263, 265, 596 P.2d 436, 438 (1979) (holding protected statutory rights are embodied and implicitly included in teachers' contracts). Zattiero also correctly points out that policies enacted by administrative agencies have the force and effect of statutory law. *Holly Care Center v. State, Dep't of Employment,* 110 Idaho 76, 78, 714 P.2d 45, 47 (1986) (citing *Higginson v. Westergard,* 100 Idaho 687, 690, 604 P.2d 51, 54 (1979)). However, the policies adopted by the School District do not qualify as statutory rights as the School District does not qualify as an administrative agency. *Smith v. Meridian Joint School District No. 2,* 128 Idaho 714, 721, 918 P.2d 583, 590 (1996) (school board is not an agency within the meaning of the Idaho Administrative Procedures Act (IAPA)). The IAPA defines an "agency" as "each state board, commission, department or officer authorized by law to make rules or to determine contested cases...." I.C. § 67–5201(2). As noted by this Court in *Smith,* a school district does not meet the definitional requirements for an agency because a school district, once validly organized and in existence, is a "body corporate and politic" and may sue or be sued, may acquire, hold, and convey real and personal property, and may incur debt as provided by law. *Smith* at 721, 918 P.2d at 590 (citing I.C. § 33–301). Thus, because the School District is not an agency within the IAPA, the policy set forth in the Certified Schedule does not have the force and effect of existing law as suggested by Zattiero, and Zattiero does not point to any other statutory right that would provide support for her argument.

*Breach of Contract*

As a procedural matter, the School District argues that Zattiero failed to properly allege a breach of contract claim in the pleadings, thus precluding review of this claim.

Idaho has adopted a system of notice pleading. *Cook v. Skyline Corp.,* 135 Idaho 26, 33, 13 P.3d 857, 864 (2000) (citation omitted); I.R.C.P. 8(a)(1). Thus, a pleading "which sets forth a claim for relief ... need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in addition to alleging jurisdiction of the court and a demand for judgment...." *Id.* (citations omitted). Under notice pleading, "a party is no longer slavishly bound to stating particular theories in its pleadings." *Id.* (quoting *Dursteler v. Dursteler,* 108 Idaho 230, 697 P.2d 1244 (Ct.App.1985), later proceeding, 112 Idaho 594, 733 P.2d 815 (Ct. App.1987)). Rather, a complaint need only state claims upon which relief may be granted. *Id.;* I.R.C.P. 8(a)(1).

In this case, Zattiero's complaint alleged a claim for wages due "as a result of her employment as a school nurse with the School District," based on the School District's failure to pay her under the Certified Schedule. Zattiero reasons these allegations

were sufficient to inform the School District that her claims were predicated on their employment relationship; that is their employment contract. These allegations suggest implicitly that her claims for wages are based on a breach of contract. Additionally, the School District acknowledged the breach of contract claim, as evidenced by a statement in its Answer: "[t]o the extent that Plaintiff alleges a breach of Contract, Defendant did not breach such contract...." Therefore, we conclude Zattiero's complaint sufficiently put the School District on notice of her breach of contract claim.

 The two employment contracts between Zattiero and the School District were entitled "Homedale School District # 370 Classified Personnel Employment Agreement." [4] These contracts make no mention of the Certified Schedule. Rather, the language of these contracts is clear and unambiguous, evidenced by the title "Classified Personnel Employment Agreement", and the grid format illustrating the salary Zattiero is to receive. Zattiero concedes the School District paid her in compliance with the terms of these contracts, and that there is no actual breach of the express terms of the contracts. Therefore, we find the employment contracts between Zattiero and the School District are controlling and find no breach and thus, no violation of the wage claim statute.

### 2. Treble Damages and Prejudgment Interest

Because this Court has determined no wages were wrongfully withheld from Zattiero, we need not address the request for prejudgment interest and treble damages.

### 3. Attorney's Fees

Because Zattiero is not the prevailing party, she is not entitled to attorney's fees on appeal.

 The School District requests an award of attorney's fees pursuant to I.C. § 12–120(3). However, this Court has previously determined that I.C. § 12–120 is not an appropriate source for awarding attorney fees in wage claim disputes. *Polk v. Larrabee,* 135 Idaho 303, 315, 17 P.3d 247, 259 (2000); *Shay v. Cesler,* 132 Idaho 585, 587–88, 977 P.2d 199, 201–02 (1999) (exclusive remedy for attorney fees available to an employer when an employee has brought a claim for wages is under I.C. § 45–612(2)); *Bilow v. Preco, Inc.,* 132 Idaho 23, 33, 966 P.2d 23,33 (1998) (holding I.C. §§ 45–615 and 45–617 are exclusive code sections under which employee can recover attorney fees when employee brings claim for wages and treble damages). In *Shay v. Cesler,* 132 Idaho 585, 587–88, 977 P.2d 199, 201–02 (1999), (this Court held the exclusive remedy for attorney fees available to an employer when an employee has brought a claim for wages is under I.C. § 45–612(2)).[5]

Therefore, we award costs, but not attorney's fees to the School District on appeal.

### IV.

### CONCLUSION

We affirm the district judge's order granting summary judgment in favor of the School District. Zattiero is not entitled to treble damages, prejudgment interest, attorney's fees or costs. We award the School District costs on appeal.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.

---

4. Two contracts are subject to Zattiero's breach of contract claim. One for the 1996–1997 school year and one for the 1997–1998 school year. Zattiero signed the contract for the 1996–1997 school year, however she inadvertently failed to sign the agreement for the 1997–1998 school year, although she intended to do so and thought she had in fact signed the agreement.

5. I.C. § 45–612(2) provides:

Any employee initiating a civil proceeding to collect unpaid wages or other compensation, which is based in whole or in part on a false claim, which the employee knew to be false at the time the employee brought the action, shall be liable for attorney's fees and costs incurred by the employer in defending against the false claim. Proof of a criminal conviction under subsection (1) of this section shall not be required for recovery of the fees and costs provided for in this subsection.